**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FRIENDSHIP EDISON PUBLIC :
CHARTER SCHOOL :
COLLEGIATE CAMPUS :
4095 Minnesota Avenue, NE :
Washington, D.C. 20019 :
                                                :
    Plaintiff :
                                                :
            v. : **CIVIL ACTION NO.**
                                                :
KENDALL NESBITT, :
1400 Kearney ST, N.E., :
Washington, D.C. 20017 :
                                                :
    Defendant :

**COMPLAINT**

JURISDICTION

1. Jurisdiction of this Court is found in 28 U.S.C. §1331, and the Individuals with Disabilities in Education Improvement Act, 20 U.S.C. §§1400, *et seq.*, (herein IDEA), as an appeal of a hearing officer's determination.

2. Plaintiff is a District of Columbia Public Charter School which has elected to be its own local education agency (LEA) under IDEA, for special education issues.

3. Defendant is an adult student who is currently a resident of the District of Columbia and claimed D.C. residency for all or part of the time during the underlying administrative proceedings.

FACTS

4. The defendant is a twenty-one year-old, special education student who attended Friendship Edison (Edison) through the 2003-2004 school year.

5. On March 4, 2004, the student withdrew from Friendship Edison, with the withdrawal dating back to January 16, 2004. Before this withdrawal, the student's attendance was sparse and his lack of attendance rose to the truancy level.

6. On April 3, 2005, the parent filed a hearing request against DCPS and Edison.[1] On August 10, 2005, the hearing officer ordered DCPS to place and fund the student at High Road Academy and ordered Edison to convene a MDT meeting to discuss compensatory education dating back to three years before the hearing request was filed.

7. While the Hearing Officer's Determination (HOD) was issued in mid-August, neither Edison nor counsel for Edison received a copy of the HOD. Counsel first learned of the existence of the HOD when he received a call from High Road Academy at the end of October requesting his presence at an MDT meeting the following day. Having not seen the HOD, Edison could not adequately prepare for the meeting or attend the meeting.[2]

---

[1] The April 3, 2005 hearing request and August 12, 2005, Hearing Officer's Determination are not the subject of this appeal. These facts are only included as background information.

[2] Counsel for Edison did not actually receive a copy of the HOD until early November. When Edison's counsel spoke with the student's counsel about scheduling the HOD ordered meeting she stated she was only calling about attorney's fees and that the meeting would have to be scheduled with the advocate. A few days later this

8. On November 14, 2005, the defendant filed another hearing request for failure to implement the previous HOD. Edison convened a resolution meeting on December 13, 2005. In the original hearing complaint the defendant requested over 5000 hours of compensatory education based on an erroneous mathematical calculation. Even though the defendant's advocate acknowledged that the amount of compensatory education was incorrect, she stated she did not have the authority to change the defendant's request. Consequently, the resolution meeting was fruitless.

9. The administrative hearing convened on February 14, 2006. The hearing officer ordered the parties to meet again to discuss a potential compensatory education plan.

10. On March 20, 2006, the parties reconvened at High Road School. Defendant's advocate requested over 3,000 hours of tutoring. This tutoring was not linked to any specific harm the student suffered. The amount was solely based on the twenty-seven (27) hours of services the student was receiving.[3] Edison offered to provide Saturday School and summer school to the student so he could earn his missing high school credits and graduate with his class. Edison also agreed to work with his current teachers at High Road to ensure the student stayed on track to graduate this school year. The advocate rejected the offer, but did not propose any specific alternative program for the defendant.

---

current hearing request was filed.

[3]The twenty-seven-hours was then multiplied by forty (40) weeks for three (3) years to total 3,300 hours of services.

11. The hearing reconvened on April 4, 2006.  Again, no specific program was offered by the defendant, nor did the defendant cite any particular deficiency that the tutoring should address.  On April 14, 2006, the hearing officer issued a determination awarding the student 3,300 hours of tutoring based on a mathematical formula.

## **COUNT I**

12. Plaintiff repeats and realleges paragraphs 1 - 11

13. The Hearing Officer erred in using a mathematical formula to determine compensatory services thereby ignoring *Reid v. District of Columbia.* 401 F.3d 516 (D.C. Cir. 2005).  In her determination the hearing officer contradicts herself by stating, "The complicating factor in this matter is that the record does not include documents or testimony which facilitate a finding of the correct form of compensatory education necessary to create educational benefit given that the Respondent is not required to provided day-for-day compensation for days missed." *See* Ex.1 at 3-4.  In the very next paragraph the hearing officer uses that exact day-for-day formula of 27.5 hours for forty weeks over three years which equals 3300 hours. *See* Ex. 1 at 4.  The "tutoring" was not ordered to address any particular deficiency in the student suffered while attending Edison and is in direct conflict with the Circuit Court's most recent decision.  *See Reid* 401 F.3d 516 at 523.(rejecting an hour -for hour approach to compensatory services).

## COUNT II

14. Plaintiff repeats and realleges paragraphs 1 - 11.

15. The defendant failed to provide testimony as to the actual harm of the previous denial of FAPE. Consequently, the hearing officer focused on a quantitative rather that qualitative remedy, a method specifically discouraged in *Reid. Id* at 524. An award of compensatory education must be fact specific and based on evidence of the student's specific deficits. At the due process hearing the defendant offered no such evidence nor did he propose a program that would address any deficits.

## COUNT III

18. Plaintiff repeats and realleges paragraphs 1 - 11.

19. The hearing officer erred when she failed to take into consideration the defendant's failure to be an active participant in the resolution meeting and subsequent IEP meeting. At the December 13, 2005 resolution meeting, the defendant's advocate recognized the over 5,000 hours requested was a miscalculation; however she refused to amend her request, thus rendering the resolution meeting fruitless. The team reconvened on March 20, 2006, and the defendant again failed to offer a specific program for the student; then at the due process hearing the defendant again failed to offer a specific program for the hearing officer to consider. Six months after the defendant filed the due process hearing request, no specific program has been proposed by the defendant or hearing officer to meet any deficit caused by the previous denial of FAPE.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1. Issue a judgment for Plaintiff and against Defendants on all aforementioned counts;

2. Order that the April 14, 2006, Hearing Officer's Decision be reversed, and the underlying due process complaint be dismissed with prejudice;

3. Grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        _____/s/_____
        Paul S. Dalton, Esq.
        D.C. Bar No. 439118
        Dalton, Dalton, & Houston, P.C.
        1008 Pendleton Street
        Alexandria, Virginia 22314
        (703) 739-4300 (O)
        (703) 739-2323 (F)