# District of Columbia Public Schools

## Office of Management Services
Tonya M. Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

### Confidential

| | |
|---|---|
| KENDALL NESBITT, STUDENT ) | |
| ) | |
| Date of Birth: 11/01/84 ) | |
| ) | |
| Petitioner, ) | Hearing Date: April 4, 2006 |
| ) | February 14, 2006 |
| ) | |
| ) | |
| ) | |
| FRIENDSHIP-EDISON ) | |
| PUBLIC CHARTER SCHOOL ) | |
| ) | Held at: 825 North Capitol St., N.E. |
| Respondent. ) | 8th Floor |
| ) | Washington, D.C. 20002 |
| ) | |
| ) | |

DC PUBLIC SCHOOL SYSTEM  2006 APR 13 PM 2: 17

## FINAL ORDER

| | |
|---|---|
| **Adult Student:** | Mr. Kendell Nesbitt. |
| | 1440 Kearney Street, NE |
| | Washington, D.C. 20017 |
| | |
| **Counsel for the Parent/Student:** | Fatmata Barrie, Esquire |
| | Christopher Anwah, Esquire |
| | 1010 Vermont Avenue, N.W. |
| | Suite 600 |
| | Washington, D.C. 20005 |
| | (202) 347-7026; Fax: (202) 347-7108 |
| | |
| **Counsel for DCPS:** | Rashida Chapman, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |
| | |
| **Counsel for Friendship/Edison PCS:** | Paul S. Dalton |
| | Dalton, Dalton & Houston |
| | 1008 Pendleton Street |
| | Alexandria, Virginia 22314-1837 |
| | (703) 739-4300; Fax: (703)739-2323 |

*In the matter of Kendall Nesbitt*

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

*Nesbitt v. Friendship Public Charter School*

| | |
|---|---|
| Student | Kendall Nesbitt |
| Child's Parent(s) (specific relationship) | Rhonda Simms |
| Child/Parent's Representative | Fatmata Barrie, Esquire |
| School System's Representative | Quinne Harris-Lindsey, Esquire |
| Special Education Coordinator Friendship Edison PCS | Carolyn Ross |
| Counsel for Friendship Edison PCS | Paul S. Dalton |

*In the matter of Kendall Nesbitt*

### Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Improvement Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

### Introduction

Petitioner is a twenty-one year old student formerly enrolled at Friendship Edison Public Charter School. On November 14, 2005, Petitioner filed a *Request for Hearing* alleging that the District of Columbia Public Schools ("DCPS") in its capacity as LEA/SEA and Friendship-Edison Public Charter School had failed to provide a Free and Appropriate Public Education by failing to:
1. adhere to an August 12, 2005 Hearing Officer's Determination requiring that an MDT/IEP meeting take place within ten days of Petitioner's enrollment at High Roads Academy to develop a compensatory education plan. Petitioner alleges that DCPS and FERC's failure to attend equated to a denial of FAPE;
2. devise a compensatory education plan which would afford the Petitioner tutoring; and,
3. DCPS failed to conduct a thirty day review since Petitioner's attendance at High Roads.

Hearings were convened on February 14, 2006 and April 4, 2006. Since the filing of the November 14, 2005 hearing request a number of continuances were granted due to Petitioner's schedule, death in the family of the hearing officer, and delayed receipt of required status reports regarding Petitioner's attendance and grades. Petitioner presented disclosures labeled KN1-20. Petitioner also forwarded a post hearing brief which was not admitted because the record was closed after the hearing. Friendship Edison presented disclosures labeled Edison 1-2. DCPS presented a disclosure letter. There were no objections to the disclosures.

### Findings of Fact and Conclusions of Law

Since Petitioner's enrollment at High Roads, his attendance and grades have improved dramatically. It is highly probable that if Petitioner had been placed in a more appropriate educational environment at an earlier age, he would be closer to grade level performance. From this inference supported by the recent recorded grades and attendance records, a finding that the Petitioner was denied FAPE warranting compensatory education is appropriate.

At the meeting held for Petitioner to discuss and determine compensatory education, Petitioner rejected an offer to receive compensatory education services at Friendship Edison to prepare for graduation after consultation with counsel. Petitioner's rejection of such an offer is not unreasonable given the lack of progress he made during his previous enrollment at Friendship-Edison. The complicating factor of this matter is

3

that the record does not include documents or testimony which facilitate a finding of the correct amount or form of compensatory education necessary to create educational benefit given the fact that Respondent is not required to provide day for day compensation for days missed. What is clear is that Friendship Edison violated the August 12, 2005 Hearing Officer's Determination by failing to offer a compensatory education plan from which the Petitioner could gain some educational benefit.

While data exist in the record defining Petitioner's grade equivalency performance prior to placement at High Roads Academy, no data exist for his current grade level of functioning which would assist this hearing officer in projecting the progress Petitioner might have made in an appropriate setting and further quantitatively defining an appropriate compensatory education award. The absence of testimony and data regarding a framework to assist the hearing officer in quantifying the injurious impact of the denial of FAPE makes an attempt to craft the appropriate remedy is nebulous at best. At a minimum, the demeanor and presentation skills of the Petitioner reveal that he would derive educational benefit from tutoring and without further documentary or testimonial evidence in the record, the minimum conscionable award would be 3300 hours of compensatory education for a 27.5 hour school week over a period of three academic years assuming forty school weeks. Absent testimony regarding any particular type/form of vocational program and the respective educational benefit that could be provided, tutoring is the most appropriate award.

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and representations of the parties' counsel at the hearings, this 13th day of February 2006, it is hereby

**ORDERED**, that DCPS shall maintain Petitioner's placement at High Road Academy until his graduation contingent upon Petitioner's continued attendance record consistent with the status reports.

**IT IS ALSO ORDERED**, that Friendship-Edison shall fund 3300 hours of compensatory education in the form of independent tutoring consistent with Superintendent's cost guidelines.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

_____
Tonya M. Butler-Truesdale
Hearing Officer

Date: April 13, 2006
Issued: 4/14/06

4

*In the matter of Kendall Nesbitt*

Copies to:

Fatmata Barrie, Esquire
Law Office of Christopher Anwah, Esquire
1010 Vermont Avenue, N.W.; Suite 600
Washington, D.C. 20005
(202) 347-7026; Fax: (202) 347-7108

Rashida Chapman, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

Paul S. Dalton
Dalton, Dalton & Houston
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300; Fax: (703)739-2323