Law Offices
# DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323

Paul S. Dalton
Ellen Douglass Dalton
William E. Houston
Laura E. Duos
Jessica M. Smith

Washington DC. Office:
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

September 11, 2006

Kendall Nesbitt
1400 Kearney ST, N.E.,
Washington, D.C. 20017

Dear Mr. Nesbitt,

    Enclosed please find a copy of the complaint in the Friendship Edison versus Nesbitt case in which you are a named defendant. Also enclosed is a request for waiver of service. Friendship Edison has been attempting to serve a copy of the complaint on you and has been unsuccessful. Please contact your attorney and discuss whether or not you wish to waive service. Please have your attorney contact us once you have made a decision.

Sincerely,

Paul S. Dalton, Esq.

cc: Fatmata Barrie, Esq.

**EXHIBIT 1**

To:   Kendall Nesbitt
      1400 Kearney ST, N.E.,
      Washington, D.C. 20017

   A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Columbia and has been assigned docket number 06 cv 0903 (ESH).

   This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

   If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

   If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side of the waiver form.

   I affirm that this request is being sent to you on behalf of the plaintiff, this 11th day of September, 2006.

   _____
   *Paul S. Dalton*
   *Plaintiff's Attorney*

## WAIVER OF SERVICE

TO: Paul S. Dalton, Esq.
    1008 Pendleton Street
    Alexandria, VA 22314

    I acknowledge receipt of your request that I waive service of a summons in the action of Friendship Edison versus Nesbitt which is case number 06 cv 0903 in the United States District Court for the Disrict of Columbia. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I) be served with judicial process in the manner provided by Rule 4.

    I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after September 11, 2006.


_____   _____

Date      Signature

        Printed/typed name: _____

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

```
* * *  Transmission Result Report(Memory TX)  Sep.18. 2006  8:44AM  * * *
                                                    Dalton, Dalton & Houston

Date/Time: Sep.18. 2006  8:43AM

File                                                                    Page
No. Mode         Destination              Pg(s)        Result        Not Sent
--------------------------------------------------------------------------------
6674 Memory TX   2026260049               P. 16        OK




--------------------------------------------------------------------------------
Reason for error
    E.1) Hang up or line fail              E.2) Busy
    E.3) No answer                         E.4) No facsimile connection
```

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
FAX (703) 739-2323

DATE: September 12, 2006

TO: Fatmata Barrie, Esq.

AT FAX: 202-626-0048

FROM: Paul S. Dalton, Esq.

RE: Kendall Nesbitt

NUMBER OF PAGES INCLUDING THIS PAGE: 16

ADDITIONAL INFORMATION:

Attached please find a copy of the recent documents that were mailed to your client pursuant to FRCP 4. Please contact me once you have had an opportunity to discuss this matter with your client.

PLEASE DELIVER ASAP.

****************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
****************************************************************