IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
FRIEDSHIP EDISON PUBLIC           *
CHARTER SCHOOL                    *
COLLEGIATE CAMPUS                 *
4095 Minnesota Avenue, NE         *
Washington, D.C. 20019            *
          Plaintiffs              * Civil Case No: 06CV0093
                                  *
      v.                          *
                                  *
KENDALL NESBITT                   *
1440 Kearney St., NE              *
Washington, DC 20017              *
          Defendants              *
```

## ANSWER

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2. K.N. is a twenty-two year old student with a disability who is a resident of the District of Columbia.

3. Friendship Edison Public Charter School (FEPCS) is responsible for affording all children with disabilities attending the school all rights pursuant to IDEIA and section 504 and has chosen to be its own local educational agency (LEA).

## FACTS

4. Defendant denies Paragraph 4 because the student is twenty-two years old.

5. Defendant denies Paragraph 5 because the student was coerced into withdrawing as testified to by the student at the due process hearing.

6. Defendant denies paragraph 7 because FEPCS did not show any proof as to how FEPCS could not have received the order when in fact defendant's attorney forwarded the bill which resulted from defendant prevailing per the August HOD.

7. Defendant denies paragraph 8 because defendant's counsel at no time stated that she acknowledges that the hours were erroneous and the no where in the complaint was there a request for 5000 hours.

8. Defendant denies paragraph 10 because the hours were based on the fact that although the student attended FEPCS for over three years, he showed not improvement and there was a severe denial of a free appropriate public education (FAPE) to the student. FEPCS' offer of Saturday classes was not accepted by the student because he was extremely below level and graduating was not the priority but getting educational benefit was.

9. Defendant denies paragraph 11 because it was cited that he needed services in all areas because he was functioning at least 6 grade level below his chronological age.

## COUNT I

10. The Hearing Officer did not err in her decision because the order is clear that the student needed services in all areas of his academics due to his extreme deficiencies. Additionally although the Hearing Officer may have stated that the record did not include documents or testimony to determine the correct amount of compensatory education defendant's counsel requested and listed High Road to testify as to the student's need for tutoring services and the Hearing Officer still found that the student was owed compensatory education hours.

## COUNT II

11. Defendant denies paragraph 15 because the HOD clearly indicates that if the student had received the appropriate services early, he would have progressed academically. Furthermore, it was clearly indicated by testimony and documentation that the student was functioning at 6 grade levels below and that the teachers were not providing him with teaching utensils and he was not

gaining any education benefit (defendant's testimony and documentation). Therefore, there was testimony and evidence of a specific harm.

## COUNT III

12. The Hearing Officer did not err because the student and her advocate were active participants in the resolution session meeting. Additionally, IDEIA requires that the school system convene a resolution session meeting but does not require the parent or student to accept what the system is offering if they do not feel that it would be to the student's benefit. Saturday class in the same school that the student felt did not provide him with any educational benefit is not a reasonable compromise for three years of a denial of FAPE and this was also stated by the 04/14/06 HOD.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for defendant and against plaintiff on all aforementioned counts;

2. Order that the April 14, 2006 Hearing Officer's Determinations be upheld, finding denial of a free, appropriate, public education by FEPCS;

3. Award plaintiffs attorneys' fees and the costs of this action and action that resulted in April 14, 2006 HOD; and

4. Award any other and further relief the Court deems just and proper.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.

By:___Jude Iweanoge /s/_____
Jude C. Iweanoge, Bar #493241
1010 Vermont Avenue, NW, Suite 600
Washington, D.C. 20005
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

## CERTIFICATE OF SERVICE

I, Jude Iweanoge, Esq., hereby certify that a true copy was served on Paul S. Dalton, Esq. of Dalton, Dalton, & Houston, P.C. located at 1008 Pendleton Street, Alexandria, VA 22314 by Facsimile at 703-739-2323.

                                              ___Jude Iweanoge /s/___
                                              Jude C. Iweanoge, Bar #493241
                                              1010 Vermont Avenue, NW, Suite 600
                                              Washington, D.C. 20005
                                              Phone: (202) 347-7026
                                              Fax: (202) 347-7108
                                              Email: jci@iweanogesfirm.com