UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC<br>CHARTER SCHOOL<br>COLLEGIATE CAMPUS<br><br>    Plaintiff<br><br>    v.<br><br>KENDALL NESBITT<br><br>    Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No. 06-903 (JMF)<br>:<br>:<br>:<br>:<br>: |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff, by and through undersigned counsel, and requests that this honorable Court grant a summary judgment pursuant to Federal Rule of Civil Procedure 56©, finding that Hearing Officer Butler-Truesdale erred in her April 14, 2006 Hearing Officer's Determination ("HOD"), when she ordered Friendship Edison ("Edison") to fund 3,300 hours of compensatory education. In support of its Motion and pursuant to Local Rules 7(a), ©, and (h), the Plaintiff submits its Memorandum of Points and Authorities in Support of its Motion for Summary Judgement, a Statement of Material Facts as to which there is no Genuine Issue, and a proposed Order.

Respectfully submitted,
    /s/
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL COLLEGIATE CAMPUS : : : : Plaintiff : : v. : : KENDALL NESBITT : : Defendant : _____ : | Civil Action No.  06-903 (JMF) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiff, by and through undersigned counsel, and requests that this honorable Court grant a summary judgment pursuant to Federal Rule of Civil Procedure 56©, finding that Hearing Officer Butler-Truesdale erred in her April 14, 2006 Hearing Officer's Determination ("HOD"), when she ordered Friendship Edison ("Edison") to fund 3,300 hours of compensatory education.

The hearing officer made the ruling using a mathematical formula to determine compensatory services thereby ignoring *Reid v. District of Columbia,* 401 F.3d 516 (D.C. Cir. 2005).  The Defendant failed to provide evidence of educational harm and failed to provide a specific program that could make up for the alleged educational harm. The Plaintiff, therefore, believes that the hearing officer erred when she failed to consider the Defendant's lack of evidence, and rather used a mathematical equation to determine the 3,300 hours of compensatory education.

**FACTUAL BACKGROUND**

The Defendant is a twenty-two year-old, special education student who attended Edison through the 2003-2004 school year. AR at 4. On March 4, 2004, the student withdrew from Edison, with the withdrawal dating back to January 16, 2004. Before his withdrawal, the student's attendance was sparse and his lack of attendance rose to the truancy level. AR at 104.

On April 3, 2005, the parent filed a hearing request against the District of Columbia Public Schools ("DCPS") and Edison.[1] AR at 47-51. On August 10, 2005, the hearing officer ordered DCPS to place and fund the student at High Road Academy, a non-public special education school, and ordered Edison to convene a multi disciplinary team ("MDT") meeting to discuss compensatory education dating back to three years before the hearing request was filed. AR 101-106.

While the HOD was issued in mid-August, neither Edison nor counsel for Edison received a copy of the HOD. Tr.1[2] at 15, 67 - 69; AR at 189. Counsel first learned of the existence of the HOD when he received a call from High Road Academy at the end of October requesting his presence at an MDT meeting the following day. AR at 107, 189. Having not seen the HOD, Edison could not adequately prepare for the meeting or attend the meeting.[3]

On November 14, 2005, the Defendant filed another hearing request for failure to

---

[1] The April 3, 2005 hearing request and August 12, 2005, Hearing Officer's Determination are not the subject of this appeal. These facts are only included as background information.

[2] The transcript from the first hearing on February 14, 2006 will be referred to as Tr. 1.

[3] Counsel for Edison did not actually receive a copy of the HOD until early November. When Edison's counsel spoke with the student's counsel about scheduling the HOD ordered meeting she stated she was only calling about attorney's fees and that the meeting would have to be scheduled with the advocate. A few days later this current hearing request was filed. Tr. 1 at 16.

implement the previous HOD. AR at 196-200. Edison convened a resolution meeting on December 13, 2005. AR at 180-184. In the original hearing complaint the Defendant requested over 5000 hours of compensatory education based on an erroneous mathematical calculation. AR at 198. Even though at the resolution meeting the Defendant's advocate acknowledged that the amount of compensatory education was incorrect, she stated she did not have the authority to change the Defendant's request. AR at 181-182. Consequently, the resolution meeting was fruitless.

The administrative hearing convened on February 14, 2006. Tr.1. Due to the Defendant's failure to present any evidence regarding the alleged harm to the Defendant and a program which would make up for that harm, the hearing officer ordered the parties to meet again to discuss a potential compensatory education plan consistent with the *Reid*[4] standard. AR at 40; Tr.1 at 50, 58, 64, 71.

On March 20, 2006, the parties reconvened at the High Road School. AR at 11-15. Defendant's advocate requested over 3,000 hours of tutoring. *Id.* This tutoring was not linked to any specific harm the student suffered. The amount was solely based on the twenty-seven (27) hours per week of services the student was receiving.[5] *Id.* Edison offered to provide Saturday School and summer school to the student so he could earn his missing high school credits and graduate with his class. Edison also agreed to work with his current teachers at High Road to ensure the student stayed on track to graduate this school year. *Id.* The advocate rejected the

---

[4] *Reid v. District of Columbia.* 401 F.3d 516 (D.C. Cir. 2005).

[5] The twenty-seven-hours was then multiplied by forty (40) weeks for three (3) years to total 3,300 hours of services.

4

offer, but did not propose any specific alternative program for the Defendant. *Id.*

The hearing reconvened on April 4, 2006. Tr. 2.[6] Again, no specific program was offered by the Defendant, nor did the defendant cite any particular deficiency that the tutoring should address. AR at 5; Tr. 2 at 54-56, 60, 64-68, 71, 75-78, 80, 87-88, 90, 94-99. On April 14, 2006, the hearing officer issued a determination awarding the student 3,300 hours of tutoring based on a mathematical formula inconsistent with the *Reid* standard. AR at 5.

## ARGUMENT

**The Court should Grant Summary Judgment and Reverse the HOD, because the Hearing Officer Erred in Awarding Compensatory Education Inconsistent with the *Reid* Standard.**

The party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine dispute of material facts through the pleadings, depositions, answers to interrogatories, admissions on file, and in this case the administrative record. *Celortex Corp v.Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56. The nonmoving party must then "go beyond the pleadings and by [its] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See Celortex* at 324. In the instant case, the facts are clear when reviewing the administrative record.

The issues in this case are legal in nature because the underlying factual issues are undisputed. The issue in this case is whether the hearing officer erred in awarding compensatory education contrary to the standard established in *Reid*. The evidence regarding the issues is clear and the facts surrounding them are undisputed in the record which makes this case appropriate for

---

[6] The transcript from when the hearing reconvened on April 4, 2006 will be referred to as Tr.2 .

a summary judgment.

**A.    The Hearing Officer Erred in using a Quantitative Day-for-Day Formula to Determine Compensatory Education.**

Compensatory education is an appropriate remedy for certain violations of the IDEA. "Under the theory of 'compensatory education,' courts and hearing officers may award 'educational services . . . to be provided prospectively to compensate for a past deficient program.'" *Reid v. District of Columbia,* 401 F.3d 516, 522 (D.C. Cir. 2005) (citing *G. ex rel. RG v. Fort Bragg Dependent Schs.*, 343 F.3d 295, 308 (4th Cir. 2003)). Compensatory education, however, is an equitable remedy, not one of contractual obligation. *See Id.* at 523.

Pursuant to *Reid*, "[i]n every case . . . the inquiry must be fact-specific and, to accomplish IDEA's purposes, the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." 401 F.3d at 524. Thus, an award of compensatory education must be made on a case by case basis examining where the student should be but for the violation of the school, and fashioning a specific remedy which will bring the student to that level. The District of Columbia Circuit specifically rejected an award of compensatory education based on a day-for-day formula. "In keeping with that principle of case-specific flexibility, we agree with the Ninth Circuit that **'there is no obligation to provide a day-for-day compensation for time missed**. Appropriate relief is relief designed to ensure that the student is appropriately educated within the meaning of the IDEA.'" *Id.* at 524 (citing *Parents of Student W.*, 31 F.3d at 1497)(emphasis added).

In the instant case, the Hearing Officer erred when she used a day-for-day quantitative formula in fashioning the compensatory education award. The administrative record and transcripts from the hearings are clear that there is a lack of evidence in the record showing any harm suffered by the student and any type of program to make up for the alleged harm. The Hearing Officer states several times on the record that the Defendant did not comply with the *Reid* standard. *See, e.g,* AR at 4-5; Tr. 2 at 54-56, 60, 64-68, 71, 75-78, 80, 87-88, 90, 94-99. In fact, in the HOD, the Hearing Officer states, "The complicating factor in this matter is that the record does not include documents or testimony which facilitate a finding of the correct form of compensatory education necessary to create educational benefit given that the Respondent is not required to provide day-for-day compensation for days missed." AR at 4-5. However, in the very next paragraph, the Hearing Officer contradicts herself and uses that exact day-for-day formula in fashioning the compensatory education award.

The Hearing Officer used the formula of 27.5 hours per week for forty weeks over three years which equals 3,300 hours. AR at 5. The Hearing Officer's use of a quantitative formula is in direct conflict with *Reid*, which emphasizes a qualitative analysis. *See Reid*, 401 F.3d at 524. Pursuant to *Reid*, "this cookie-cutter approach runs counter to both the 'broad discretion' afforded by IDEA's remedial provision and the substantive FAPE standard that provision is meant to enforce." 401 F.3d at 523.

The compensatory education award of 3,300 hours of tutoring was not ordered to address any particular deficiency that the student suffered while attending Edison. Thus, the decision of the Hearing Officer and the compensatory education award are in direct conflict with the standard set out in *Reid*.

**CONCLUSION**

Based on the arguments above the Plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendant and reverse the April 14, 2006 Hearing Officer's Decision.

Respectfully submitted,
/s/
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 5th day of June, 2007.

/s/
Paul S. Dalton, Esq.
Counsel for Plaintiff