UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL COLLEGIATE CAMPUS : : : : Plaintiff : : v. : : KENDALL NESBITT : : Defendant : _____ : | Civil Action No. 06-903 (JMF) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Fed .R. Civ. P. Rule 56 and LCvR 7 (h), the Plaintiff hereby submits the following Statement of Material Facts to which there is no genuine issue:

1. The Defendant is a twenty-two year-old, special education student who attended Edison through the 2003-2004 school year. AR at 4.

2. On April 3, 2005, the parent filed a hearing request against the District of Columbia Public Schools ("DCPS") and Edison.[1]  AR at 47-51.

3. On August 10, 2005, the hearing officer ordered DCPS to place and fund the student at High Road Academy, a non-public special education school, and ordered Edison to convene a multi disciplinary team ("MDT") meeting to discuss compensatory education dating back to three years before the hearing request was filed.  AR 101-106.

4. While the HOD was issued in mid-August, neither Edison nor counsel for Edison

---

[1] The April 3, 2005 hearing request and August 12, 2005, Hearing Officer's Determination are not the subject of this appeal.

received a copy of the HOD. Tr.1[2] at 15, 67 - 69; AR at 189.

5. Counsel first learned of the existence of the HOD when he received a call from High Road Academy at the end of October requesting his presence at an MDT meeting the following day. AR at 107, 189.

6. On November 14, 2005, the Defendant filed another hearing request for failure to implement the previous HOD. AR at 196-200.

7. Edison convened a resolution meeting on December 13, 2005. AR at 180-184.

8. In the original hearing complaint the Defendant requested over 5000 hours of compensatory education based on an erroneous mathematical calculation. AR at 198.

9. Even though at the resolution meeting the Defendant's advocate acknowledged that the amount of compensatory education was mathematically incorrect, she stated she did not have the authority to change the Defendant's request. AR at 181-182.

10. The administrative hearing convened on February 14, 2006. Tr.1.

11. Due to the Defendant's failure to present any evidence regarding the alleged harm to the Defendant and a program which would make up for that harm, the hearing officer ordered the parties to meet again to discuss a potential compensatory education plan consistent with the *Reid*[3] standard. AR at 40; Tr.1 at 50, 58, 64, 71.

12. On March 20, 2006, the parties reconvened at the High Road School. AR at 11-15.

13. Defendant's advocate requested 3,300 hours of tutoring. *Id.*

14. This tutoring amount was not linked to any specific harm that the student suffered, but rather was solely based on the twenty-seven (27) hours per week of services that the

---

[2] The transcript from the first hearing on February 14, 2006 will be referred to as Tr. 1.

[3] *Reid v. District of Columbia.* 401 F.3d 516 (D.C. Cir. 2005).

student was receiving. *Id.*

15. The twenty-seven-hours was then multiplied by forty (40) weeks for three (3) years to total 3,300 hours of services. *Id.,* AR at 182.

16. Edison offered to provide Saturday School and summer school to the student so he could earn his missing high school credits and graduate with his class. AR at 11-15; Tr.2[4] at 60-61.

17. Edison also agreed to work with his current teachers at High Road to ensure the student stayed on track to graduate this school year. AR at 11-15.

18. The advocate rejected the offer, but did not propose any specific alternative program for the Defendant. *Id.*

19. The hearing reconvened on April 4, 2006. Tr. 2.

20. The Defendant failed to identify any specific program for compensatory education, nor did the defendant cite any particular deficiency that the tutoring should address. AR at 4-5; Tr. 2 at 54-56, 60, 64-68, 71, 75-78, 80, 87-88, 90, 94-99.

21. On April 14, 2006, the hearing officer issued a determination awarding the student 3,300 hours of tutoring based on a mathematical formula. AR at 5.

> Respectfully submitted,
> /s/
> Paul S. Dalton, Esq
> D.C. Bar No. 439118
> Dalton, Dalton, & Houston, P.C.
> 1008 Pendleton Street
> Alexandria, Virginia 22314
> (703) 739-4300 (ph)
> (703) 739-2323 (fax)

---

[4] The transcript from when the hearing reconvened on April 4, 2006 will be referred to as Tr.2 .