## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | | |
|---|---|---|
| **FRIENDSHIP EDISON PUBLIC** | * | |
| **CHARTER SCHOOL** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | **Civil Action No. 06-0903 (JMF)** |
| **v.** | * | |
| | * | |
| **KENDALL NESBITT** | * | |
| | * | |
| **Defendants** | * | |

---

## DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Defendant, Kendall Nesbitt (hereinafter referred to as Defendant), by and through his attorneys Jude C. Iweanoge and THE IWEANOGES' FIRM, PC hereby moves this Honorable Court to grant summary judgment in favor of the Defendant and deny Plaintiff's motion for summary judgment. As established in the accompanying supporting memorandum, Plaintiff has failed to establish that there exist no triable issues of material fact and that Plaintiff is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant prays this Honorable Court to grant this Motion and enter summary judgment in favor of Defendant and deny Plaintiff's motion for summary judgment.

Respectfully submitted,
THE IWEANOGES' FIRM, PC


By:__*/s/JudeIweanoge/s/*_____
　　　Jude C. Iweanoge, Bar #493241
　　　1026 Monroe Street, NE
　　　Washington, D.C. 20017
　　　Phone: (202) 347-7026
　　　Fax: (202) 347-7108
　　　Email: jci@iweanogesfirm.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC** | * |
| **CHARTER SCHOOL** | * |
| | * |
| **Plaintiff** | * |
| | *    **Civil Action No. 06-0903 (JMF)** |
| **v.** | * |
| | * |
| **KENDALL NESBITT** | * |
| | * |
| **Defendants** | * |

_____

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDNAT'S CROSS MOTION FOR SUMMARY JUDGMENT

For reasons set forth herein, Defendant is entitled to summary judgment as to all counts. The undisputed material facts of this case will establish, inter alia, that the hearing officer exercised his discretion based on the facts available to him and the circumstances of this case to fashion a compensatory education award.

On these controlling points, there exist no genuine issue of material facts and accordingly, Defendant is entitled to summary judgment as a matter of law.

## BACKGROUND FACTS

This action seeks review of an administrative decision by a Hearing Officer issued on April 14, 2006, following a hearing conducted pursuant to the Individuals With Disabilities Education Improvement Act, 20 U.S.C. § 1400 _et seq._ Defendant is a twenty-two year old special education student who was formerly enrolled at Friendship-Edison Public Charter School. During his years at Friendship-Edison, he was not provided appropriate services; as a result, he was regressing and was performing significantly below grade level. (AR at 103). Kendall was

not receiving any special education services and when he asked he did not receive the assistance. (4/4/06 Tr. 64-65).

During his time at Friendship-Edison, Kendall Nesbitt and Friendship entered into three different settlement agreements on 05/06/03, 09/27/04 and 02/11/05 in an attempt to correct the deficiencies in their provision of special education services to Kendall Nesbitt. (AR at 103). However, Friendship-Edison violated every single one of them necessitating the filing of a due process complaint by Kendall Nesbitt on April 8, 2005. (AR at 103).  On August 12, 2005 a HOD was issued following two hearings on May 13, 2005 and June 30, 2005, wherein the Hearing Officer found that Friendship-Edison failed Kendall because in 2005 he was functioning between the 3.1 and 3.5 grade level but in 2002, he was functioning between 1.5 and 3.1 grade level.  (AR at 103). The hearing officer found that "petitioner's lack of significant academic progress over the 35 month period is a distressing testament of failure."  (AR at 103). The Hearing Officer also found that Kendall Nesbitt's testimony that he experienced academic frustration and social isolation and consistent failure which became dramatically more acute while attending Friendship-Edison credible. (AR at 103). Following the findings the Hearing Officer held that Friendship-Edison had denied Kendall Nesbitt FAPE and placed Kendall Nesbitt at High Road Academy on an interim basis. The Hearing Officer also ordered Friendship-Edison to convene a MDT/IEP meeting to discuss and determine compensatory education and to develop a compensatory education plan. (AR at 104-105).

Subsequently on November 14, 2005, Kendall Nesbitt filed another due process complaint premised on Friendship-Edison's failure to comply with the August 12, 2005 HOD. (AR at 196-200). Friendship-Edison convened a resolution meeting on December 13, 2005. (AR at 180-184). At the meeting, the parties could not agree on the number of compensatory education hours and as such the meeting was adjourned. On March 20, 2006, the parties

reconvened at High Road School in an attempt to agree on a compensatory education award as mandated by the August 12, 2005 HOD. (AR at 11-15). However, the parties could not reach any agreement. Hence a hearing was held on February 14, 2006 and continued on April 4, 2006. (2/14/06 Tr.; 4/4/06 Tr.). On April 14, 2006, the Hearing Officer issued a HOD awarding Kendall Nesbitt 3,300 of tutoring hours as compensatory education. (AR at 5). It is from this decision that Plaintiff appeal.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.      The Plaintiff Friendship-Edison, brought this appeal of hearing officer's decision against Kendall Nesbitt.

2.      Defendant Kendall Nesbitt attended Friendship-Edison for more than three (3) years. (AR at 103).

3.      Defendant was functioning at a third grade level while in tenth grade. (AR at 103).

4.      While enrolled at Friendship-Edison, Defendant was functioning significantly below grade level and required intensive academic instruction. (AR at 63, 79, 97, 103).

5.      On August 12, 2005, following two hearings on May 13, 2005 and June 30, 2005, the Hearing Officer held that Friendship-Edison denied Kendall Nesbitt FAPE. (AR at 103-105).

6.      On April 14, 2006, following two hearings on April 4, 2006 and February 14, 2006, the Hearing Officer ordered that friendship-Edison shall fund 3300 hours of compensatory education in the form of independent tutoring. (AR at 5).

7.      The Hearing Officer awarded Kendall Nesbitt 3300 hours of compensatory education as the minimum conscionable award to assist him in coming close to grade level and prepare him for the outside world. (AR at 4-5; 4/4/06 Tr. at 51-101).

8.    The compensatory education award does not correlate to hour-for-hour compensation for services not provided by friendship-Edison. (AR at 5, 52, 71, 85).

9.    The Hearing Officers findings of fact and order are consistent with the evidence presented in this case. (2/14/06 Tr. 1-73; 4/14/06 Tr. 1-102).

## ARGUMENT
## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered for the moving party when there is no genuine issue of material fact. In ruling on a motion for summary judgment, the trial court addresses two issues: (1) whether the pleading, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine dispute as to any material fact and (2) whether the movant is entitled to judgment as a matter of law. In addition, inferences to be drawn from underlying facts must be viewed in the light most favorable to the opposing party, and even if it is unlikely that the opposing party will not prevail at trial. Harlow v. Fitzgerald, 457 U.S. 800 (1982).

In decision interpreting Rule 56, the United States Supreme Court has disapproved any continued reluctance by trial courts to grant summary judgment in appropriate cases stating:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the [rules of procedure] which are designed "to secure the just, speedy, and inexpensive determination of every action."

Celotex Corp. v. Cartarett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986)(citations omitted)

The IDEA provides for judicial review in state and federal court for "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing. See 20 U.S.C. §1415(c).  In conducting such review, the reviewing court "shall review the records of the administrative proceedings, shall hear additional evidence at the request of the party, and basing

its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. §1415(e). District Court's review of a challenge to an administrative ruling brought under the Individuals with Disability Education Act (IDEA) base its decision on "preponderance of the evidence" in exercising its independent judgment at arriving at an appropriate placement and programming decision. 20 U.S.C. §1415(i)(2)(B); See Lenn v. Portland School Committee, 998 F.2d 1083 (1st Cir. 1993). However, the "preponderance of the evidence" standard "is by no means an invitation for the court to substitute their own notions of sound educational policy for those of the school authorities which they review." Board of Education of Hendrick Hudson Central School Dist. V. Rowley, 458 U.S. 176, 206 (1982).

The party challenging the hearing officer's determination bears the burden of persuading the court that the Hearing Officer was incorrect. Angevine v. Smith, 959 F.2d 292, 295 (D.C. Cir. 1992); Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988). While the Court is authorized to make an independent determination, the Court "must also give 'due weight' to the administrative proceeding and "defer to the hearing officer's factual findings based on credibility judgment unless the non-testimonial, extrinsic evidence on the record would justify a contrary conclusion." S.H. v. State-Operated School Dist. Of the City of Newark, 336 F.3d 260, 269-71 (3rd Cir. 2003) (citations omitted).

Accordingly, before this Court may reverse the Hearing Officer's decision, the Plaintiff must show by a "preponderance of the evidence," giving the Hearing Officer's finding "due weight" that the Hearing Officer was wrong.

## A.    THE HEARING OFFICER DID NOT ERR BY AWARDING KENDALL NESBITT 3300 HOURS OF COMPENSATORY EDUCATION

Plaintiff here asserts that the Hearing Officer made the ruling using a mathematical formula to determine compensatory services thereby ignoring Reid v. District of Columbia, 401 F.3d 516 (D.C. Cir. 2005). Plaintiff further contends that Defendant failed to provide evidence of education harm and failed to provide a specific program that could make up for the alleged education harm. (Pl' Mot. at 2). What the Plaintiff does not state is that the compensatory education was awarded to compensate Kendall Nesbitt for the Plaintiff's denial of FAPE over the many years that Kendall attended Friendship-Edison. Defendant attended Friendship-Edison and throughout the duration of his attendance, he was functioning at significantly below grade level and required intensive individualized instruction which was not provided to him. (AR at 103). Because the Hearing Officer stated what the compensatory education hours awarded amounts to the Plaintiff claims that the number of hours awarded to Plaintiff was obtained using a mathematical formula in violation of Reid.

Plaintiff's reliance on Reid is misplaced because in Reid the hearing officer awarded the student 810 hours of compensatory education, one hour for each day in the four-and-a-half years during which the school system denied the student appropriate instruction, without providing why he chose the formula or what specific services should be provided. Id. at 520. The award in this case is highly distinguishable from the award in Reid. In the case *sub judice* the Hearing Officer decision stated in pertinent parts as follows:

> At a minimum, the demeanor and presentation skills of t Petitioner reveal that he would derive education benefit from tutoring and without further documentary or testimonial evidence in the record, the minimum conscionable award would be 3300 hours of compensatory education for a 27.5 hour school week over a period of three academic years assuming forty school weeks.

(AR at 5). A reading of the afore-stated clearly shows that the Hearing Officer was explaining what the award amounted to prospectively and not what it amounted to retroactively. There is no

mention in her decision that the award was for any specific period of past violation or that it was an hour-for-hour award for past denial of FAPE. Instead she explains what the 3300 should be used for and how it should be used. (AR at 4-5).

In Reid, the Court recognized that "the ultimate [compensatory] award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." Id. at 524. Based on this reasoning, the Hearing Officer's award of 3,300 hours of compensatory education was reasonably calculated to provide Defendant education benefits. The record is replete with evidence that Plaintiff failed Defendant in its provision of special education services for over the thirty-five month period that Defendant attended Friendship-Edison. (AR at 103-105). Specifically, the hearing officer's decision dated August 12, 2005 held that Plaintiff failed to provide Defendant FAPE. (AR at 105). What evidence would be more sufficient than the fact that Defendant was functioning significantly below grade level and Plaintiff rather than assisting Defendant in identifying an alternative placement that will provide the specialized instruction and related services enumerated on his IEP, it chose to enter into several ineffective settlement agreements with Defendant and eventually retroactively withdrew the student on March 9, 2004 with the withdrawal date of January 16, 2003. (AR at 104). Furthermore, it is pertinent to note that Plaintiff's bald assertion that the Defendant failed to provide evidence of educational harm is self-serving and totally unavailing in light of the fact that Plaintiff failed to present any witnesses or evidence at the hearing held on May 13, 2005 and June 30, 2005 to explain why the student was withdrawn from the school retroactively or provide insight regarding the measures taken by Plaintiff to implement Plaintiff's then existing IEP. (AR at 104). Additionally, Plaintiff's assertion that Defendant did not provide evidence of educational harm is unfounded because

Defendant's IEP developed while he attended Friendship-Edison all stated that the "student is significantly below grade level and requires intensive/individualized instruction," yet Plaintiff failed to do anything to correct this persistent problem. (AR at 63, 79, 97).

The hearing Officer made a specific finding in August 2005 that Friendship-Edison denied Defendant the free, appropriate public education he was guaranteed under the IDEA, specifically during the entire period he attended Friendship-Edison and that Kendall Nesbitt was therefore entitled to compensatory education. (AR at 101-105). Therefore, Defendant submits that the 3,300 hours of compensatory education awarded to him was not provided to give him an hour-for-hour compensation for services that were not provided, rather, the hours are provided to compensate for the more than three years Plaintiff mishandled him and denied him the basic floor of opportunity and educational benefits. See e.g. Reid, 410 F.3d at 525 (Courts have recognized that in setting the award, equity may sometimes require consideration of the parties conduct).

The Plaintiff offered no evidence to refute the inadequacies of the program at Friendship-Edison, and did not provide any evidence to refute Defendant's entitlement to 3,300 hours of compensatory education. Instead Plaintiff alleges that the hours were obtained using a day-for-day quantitative formula the kind rejected in Reid. Plaintiff's argument is without merit because the 3,300 hours awarded does not correlate to the number of hours Plaintiff denied Defendant FAPE. A review of Defendants IEP from 3/28/05 shows that Defendant was entitled to 30.5 hours per week of specialized instructions and related services. (AR at 52). Also, his 1/8/04 IEP entitled him to 17 hours of specialized instructions and related services. (AR at 71). Further, his 9/23/02 IEP entitled him to 12 hours of specialized instructions and related services. (AR at 88). Assuming *arguendo* that the Hearing Officer used a day-for-day quantitative formula as stated

by Plaintiff then the number of hours awarded by the Hearing Officer would have been different in light of the number of hours required on Defendants IEPs while he was attending Friendship-Edison. Specifically, the average number of hours for the three year period would have been 19.8 hours per week and not the 27.5 hours awarded to Defendant. Moreover, the Hearing Officer recognized during the April 4, 2006 hearing that she could not make and hour-for-hour award and therefore exercised her discretion in compliance with <u>Reid</u>. (AR at 94-95). The fact that the Hearing Officer fashioned a compensation for Plaintiff's denial of FAPE for more than three (3) years using 27.5 hours per week for forty weeks, which in her sound reasoning was intended to bring Defendant close to grade level and prepare him for the outside world, does not make it contrary to the holding in <u>Reid</u>. A plausible interpretation of <u>Reid</u> shows that it does not oppose using a mathematical formula to explain what the compensatory award correlates to prospectively and how it should be provided, but only opposes giving a student hour for hour compensation absent informed and reasonable exercise of discretion regarding what services the student needs to elevate him to the position he would have occupied absent the school district's failures. <u>See generally</u>, <u>Reid</u>, 401 F.3d 516. The record of this case is clear that the Hearing Officer relied on evidence presented at the hearings that revealed that Defendant needed independent tutoring for a long period of time to bring him closer to grade level performance and prepare him for the outside world. (AR at 4-5).

A reading of the hearing transcript from April 4, 2006 shows that the Hearing Officer was concerned about Defendant's grade equivalency at the time of the hearing and the injurious impact of the past denial of FAPE, and subsequently fashioned her compensatory education award to compensate Defendant for prior denial of FAPE in addition to providing some benefit going forward. As the court explained in <u>Reid,</u> compensatory education awards must do more

11

than only provide some benefit, they must compensate. Reid, 401 F.3d at 525. The Hearing Officer after careful consideration, did just what the Court mandated in Reid, and compensated Defendant. Furthermore, It is pertinent to note that during the hearing from which this appeal arose, Plaintiff's rather than propose an award that would provide Defendant educational benefits that would have accrued from special education services they failed to provide Defendant, instead, proposed to provide some educational benefit that would help Defendant graduate despite the insufficiency of the proposal. (4/4/06 Tr. at 63).

The Court's power to grant compensatory education for IDEA violations is undisputed. The court may award whatever relief it determines is appropriate to redress the deprivation of rights under IDEA. Diatta v. District Of Columbia, 319 F. Supp. 2d 57, 64 (D.D.C. 2004). When Defendant filed his due process hearing alleging a violation of the IDEA, the hearing Officer was empowered to "grant such relief as [she] determines is appropriate. 20 U.S.C. § 1415(i)(2)(c)(ii). The facts of this case show that 3,300 hours of compensatory education was warranted in light of the loss of educational benefit by Defendant while attending Friendship-Edison and also the conduct of Plaintiff in failing to identify alternative placement despite its knowledge that Friendship-Edison was not an appropriate placement. Moreover, Plaintiff never complied with their settlement agreements and withdrew Defendant from the school retroactively without any explanation. (AR at 104). This case bears resemblance to Lester H. v. Gilhool, 916 F.2d 865 (3rd Cir. 1990), wherein the Court upheld an award of two-and-one-half years of compensatory education due to the school district's outrageous behavior. The Court held that "the district court did not abuse its discretion when it fashioned this remedy for Lester." Id. at 873. The court noted that the award merely compensates Lester for what everyone agrees was an inappropriate placement from 1984 through January 1987 and belatedly allows him to receive the remainder of

his free and appropriate public education. Id. Similarly, in the case *sub judice,* the Hearing Officer did not abuse her discretion by awarding Kendall Nesbitt 3,300 hours of compensatory education to compensate for the more than 35 months he wasted at friendship-Edison through no fault of his. (4/4/06 Tr. at 64).

## **CONCLUSION**

WHEREFORE, the Defendant respectfully requests this Honorable Court to grant his motion for summary judgment and deny Plaintiff's motion for summary judgment. In addition, the court should grant the Defendant's request for attorneys' fees and costs for this action and the administrative proceedings.

Respectfully submitted,
THE IWEANOGES' FIRM, PC


By:  */s/JudeIweanoge/s/*
Jude C. Iweanoge, Bar #493241
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com




## **CERTIFICATE OF SERVICE**

I HEREBY certify that copies of the foregoing motion were electronically filed on June 8, 2007, and the court would notify parties using Court's e-file system.


*/s/JudeIweanoge/s/*
Jude C. Iweanoge