UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL COLLEGIATE CAMPUS : : : : Plaintiff : : v. : : KENDALL NESBITT : : Defendant : _____ : | Civil Action No. 06-903 (JMF) |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiff, by and through counsel, and, pursuant to LCvR 7(b), hereby files its opposition to the Defendant's Cross Motion for Summary Judgment. The Defendant fails to assert any facts or cite any persuasive legal authority supporting their Cross Motion. The Plaintiff requests that this Court deny the Defendant's Cross Motion for Summary Judgment and grant the Plaintiff's Motion for Summary Judgment.

**ARGUMENT**

**THE COURT SHOULD NOT GRANT SUMMARY JUDGMENT FOR THE
DEFENDANT BECAUSE HE IS NOT ENTITLED TO JUDGMENT
AS A MATTER OF LAW.**

The party challenging the hearing officer's decision has the burden of persuading the Court that the hearing officer's determination was incorrect. *Angevine v. Smith*, 959 F.2d 292, 295 (D.C. Cir. 1992). While the Court is instructed to "give 'due weight' to the administrative proceedings and afford some deference to the expertise of the Hearing Officer," the Court is also directed to make an independent determination. *Lyons v. Smith*, 829 F.Supp. 414, 417 (D.D.C.

1993).  Once the moving party has filed a proper motion for summary judgment, the nonmoving party must then "go beyond the pleadings and by [its] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celortex Corp v.Catrett*, 477 U.S. 317, 324 (1986).

In the instant case, the Defendant has failed to show that there is a genuine issue for trial such that the Plaintiff's Motion for Summary Judgment should not be granted.  Additionally, the Defendant fails to show that he is entitled to judgment as a matter of law.  Contrarily, the Plaintiff is entitled to judgment as a matter of law, and thus this case is appropriate for summary judgment in favor of the Plaintiff, and against the Defendant.

**A.     Defendant Tries to Distract the Court with Red Herrings from the Issue on Appeal.**

The Defendant focuses on the fact that there was a prior determination of a denial of FAPE, that the student was below grade level, that the student was withdrawn from Edison, and that Edison did not agree to the 3,300 hours of tutoring at the resolution sessions.  All of these red herrings are irrelevant to the issue at hand, which is that the Hearing Officer erred when she issued an award of compensatory education based on a mathematical formula in direct violation of *Reid*.

The issue of whether the Defendant made progress while at Edison is not before this Court.  In fact, that issue is no where in the record as the Defendant never provided the Hearing Officer with evidence of his lack of progress.  The Defendant even admits that he made some progress while at Edison.  The student was functioning at a 1.5- 3.1 grade level in 2002, but in 2005 he had progress to a 3.5 grade level.  While of course this is not significant progress, the

Defendant is misleading in assuming that this is where the student's progress remained. The record is clear that "no data exist for [Defendant's] current grade level of functioning which would assist this hearing officer in projecting the progress [he] might have made . . ." (AR at 5).

Without having data regarding the student's current academic level of functioning, it was virtually impossible for the Hearing Officer to award compensatory education in compliance with *Reid*, which states "that the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." 401 F.3d at 524. The Hearing Officer had no evidence before her regarding how the student was presently progressing and where he would have been had he been provided appropriate services. Thus, the Hearing Officer committed reversible error in awarding 3,300 hours of compensatory education without any evidence in the record to support the award.

Defendant focuses on the fact that the parties held two resolution meetings and "could not agree" as to the number of compensatory education hours. *See* Cross Motion at 4-5. The Defendant fails to mention, however, that it was his own advocate who refused to have a **discussion** about the appropriate compensatory education hours. Edison was more than willing to provide an appropriate compensatory education plan, however the advocate, Ms. Annie Pressley, demanded on several occasions that Edison provide 6,050 hours of tutoring as compensatory education. (AR at 14, 108, 181-82). Ms. Pressley stated that she did not have the "authority" to discuss any amount less than 6,050 hours, even though, pursuant to 34 C.F.R. § 300.510, participants in resolution meetings are supposed have authority to resolve the issues. Ms. Pressley later changed her demand to 3,300 because the 6,050 number was based on an

incorrect mathematical formula.  Ms. Pressley arrived at the 3,300 number by assuming twenty-seven (27) hours per week of services the student was receiving in a full time special education placement.  The twenty-seven-hours was then multiplied by forty (40) weeks for three (3) years to total 3,300 hours of services.  (AR at 181-82).  It is not a coincidence that the exact number the advocate arrived at using a day-for-day mathematical equation is the same exact number that the hearing officer awarded using the same exact mathematical equation.  Rather, the Hearing Officer erred in relying on the advocate's mathematical formula and awarding 3,300 hours of tutoring as compensatory education.

B.  **The Defendant's Argument that the Hearing Officer Awarded 3,300 Hours of Tutoring as *Prospective* Relief is Unpersuasive and Unsupported by the Record.**

The Defendant makes the argument that the Hearing Officer did not award 3,300 hours of tutoring as compensatory relief for past services missed.  Rather, the Defendant argues that the Hearing Officer awarded 3,300 hours of tutoring using the formula twenty-seven-hours per day then multiplied by forty (40) weeks for three (3) years to show how the compensatory education would be awarded **prospectively**.  This argument is almost laughable as the record supports the complete opposite contention, and the Defendant continually contradicts himself in making the argument.

The Defendant states that the HOD "clearly shows that the Hearing Officer was explaining what the award amounted to prospectively and not what it amounted to retroactively." Cross Motion at 8.  However, nowhere in the HOD does it discuss the award of 3,300 in a prospective manner.  (AR at 2-6).  Even more telling is the fact that the number and formula that the Hearing Officer used was the same exact number and formula requested by the advocate for

4

retroactive compensation. (AR at 181-82). The Defendant argues that the 3,300 hours was "reasonably calculated" to provide the Defendant with educational benefit. *See* Cross Motion at 9. However the Defendant fails to cite any portion of the record to support this contention. Any student, whether below grade level or not, would derive educational benefit from 3,300 hours of tutoring. The fact that the student might derive education benefit is only one portion of the *Reid* standard. The Hearing Officer erred when she failed to comply with the entire standard in *Reid* in fashioning her award.

In his Cross Motion, the Defendant contradicts his own argument that the 3,300 hours was to be applied prospectively and not as a compensation for past wrongs. "Defendant submits that the 3,300 hours of compensatory education awarded to him was **not provided to give him an hour-for-hour compensation** for services, rather the hours are **provided to compensate** for the more than three years that Plaintiff mishandled him and denied him the basic floor of opportunity and education benefits." Cross Motion at 10 (emphasis added). On the one hand, the Defendant is arguing that the 3,300 hours is **not** to compensate for past missed services, yet in the next breath the Defendant is stating that the hours "are provided to compensate" for the past wrongs by Edison. Throughout the remainder of the Cross Motion, the Defendant continually contradicts his main argument. In fact the Defendant states that the Hearing Officer "fashioned her compensatory education award to **compensate** Defendant for prior denial of FAPE." Cross Motion at 11 (emphasis added).

Finally, the only case law the Defendant cites in an attempt to support his argument is from the Third Circuit, which is not binding on this Court. Furthermore, even if the Third Circuit case was persuasive to this Court, it does not support the Hearing Officer's clear error in

violating the *Reid* standard by awarding compensatory education based on a mathematical day-for-day formula.

## CONCLUSION

For the reasons stated above and in the Plaintiff's Motion for Summary Judgment, the Plaintiff respectfully requests that this Court deny the Defendant's Cross Motion for Summary Judgment and grant the Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

/s/
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 5th day of July, 2007.

/s/
Paul S. Dalton, Esq.
Counsel for Plaintiff