# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL**<br><br>　　　　Plaintiff<br><br>　　v.<br><br>**KENDALL NESBITT**<br><br>　　　　Defendants | *<br>*<br>*<br>*<br>*　Civil Action No. 06-0903 (JMF)<br>*<br>*<br>*<br>*<br>* |

## DEFENDANT'S OPPOSITION TO PLAINTFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Defendant, Kendall Nesbitt (hereinafter referred to as Defendant), by and through his attorneys Jude C. Iweanoge and THE IWEANOGES' FIRM, PC hereby moves this Honorable Court to deny Plaintiff's motion for summary judgment. As established in the accompanying supporting memorandum, Plaintiff has failed to establish in t heir motion for summary judgment the material facts as to which there is no genuine dispute, and the challenged administrative determinations under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. § 1400 *et seq*. were entirely appropriate.

　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　THE IWEANOGES' FIRM, PC


　　　　　　　　　　　　　　By:　*/s/JudeIweanoge/s/*
　　　　　　　　　　　　　　　　　Jude C. Iweanoge, Bar #493241
　　　　　　　　　　　　　　　　　1026 Monroe Street, NE
　　　　　　　　　　　　　　　　　Washington, D.C. 20017
　　　　　　　　　　　　　　　　　Phone: (202) 347-7026
　　　　　　　　　　　　　　　　　Fax: (202) 347-7108
　　　　　　　　　　　　　　　　　Email: jci@iweanogesfirm.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL** * | |
| Plaintiff * | Civil Action No. 06-0903 (JMF) |
| v. * | |
| **KENDALL NESBITT** * | |
| Defendants * | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITON PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

**A.   The Hearing Officer Correctly Awarded 3,300 Hours of Compensatory Education Hours to Kendall Nesbitt for Friendship Edison's Denial of FAPE**

Plaintiff contends that the Hearing Officer erred when she used a day-for-day quantitative formula in fashioning the compensatory education award. In the instant case, the record is clear that had the Hearing Officer used a day-for-day quantitative analysis as suggested by Plaintiff, the number of hours awarded should not have equaled 3,300 hours. At no time during the duration found by the Hearing Officer that Defendant was denied FAPE did Defendant's IEP call for 27.5 hours of special education instruction and/or related services. Therefore the 3,300 hours cannot be based on hour-for-hour compensation award or the like rejected by Reid.

Plaintiff further contends that the record is devoid of any evidence of harm suffered by the student and any type of program to make up for the alleged harm. This bald assertion is totally unavailing and unfounded in light of the record of this case that is replete with evidence that Defendant was denied FAPE while attending Friendship-Edison PCS. (AR at 4, 103-05). Moreover, Defendant was functioning below grade level and Friendship-Edison was not an

2

appropriate education environment for him. (AR at 4, 103-05). Although the Hearing Officer recognized in her determination that there is no data to ascertain Defendant's current grade level of functioning; however, she was unequivocal that Plaintiff would derive educational benefit from tutoring and that the conscionable award would be 3,300 hours of compensatory education, based on the demeanor and presentation skills of the Defendant. (AR at 5). There is no doubt that the Hearing Officer did not provide a day-for-day compensation because it would be illogical for her to provide a day for day compensation when she clearly stated in her determination that "respondent [FEPCS] is not required to provide day for day compensation for days missed." (AR at 5) (emphasis added).

It is well settled that the Hearing Officer has the discretion and latitude to award and fashion any duration and type of compensatory education award so long as it is premised on sound reasoning. These powers of fact-finding and remedy-crafting, the Supreme Court has explained, entail "broad discretion" and implicate "equitable considerations." See Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 15-16, 126 L. Ed. 2d 284, 114 S. Ct. 361 (1993) (internal quotation marks omitted). The Hearing Officer in her discretion fashioned a remedy based on the facts and circumstances of the instant case. The mere fact that that the Hearing Officer awarded 3,300 hours of compensatory education to Plaintiff for tutoring, which the Plaintiff now contends was calculated using a day-for-day quantitative analysis does not make it an abuse of discretion. As recognized in Reid, "the essence of equity jurisdiction" is "to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it." Hecht Co. v. Bowles, 321 U.S. 321, 329, 88 L. Ed. 754, 64 S. Ct. 587 (1944). In keeping with that principle of case-specific flexibility, the Hearing Officer in the case

3

*sub judice* relied on the evidence before her in exercising her discretion to compensate Defendant for Plaintiff's past denial of FAPE.

The Plaintiff's bears the burden to prove that the Hearing Officer's award of 3,300 hours was inappropriate; however, Plaintiff has not offered any proof to show that the 3,300 hours awarded by the Hearing Officer is not fashioned to assist Defendant in achieving what is required by the IDEA. See Kerkam v. McKenzie, 274 U.S. App. D.C. 139, 862 F.2d 884, 887 (D.C. Cir. 1989). Rather they continue to argue that the number was achieved using a quantitative formula, despite no plausible indication from the language of the Hearing Officer's determination. The Court's power to grant compensatory education for IDEA violations is undisputed. The court may award whatever relief it determines is appropriate to redress the deprivation of rights under IDEA. Diatta v. District Of Columbia, 319 F. Supp. 2d 57, 64 (D.D.C. 2004).

## CONCLUSION

WHEREFORE, the Defendant respectfully requests this Honorable Court to deny Plaintiff's motion for summary judgment. In addition, the court should grant the Defendant's request for attorneys' fees and costs for this action and the administrative proceedings.

        Respectfully submitted,
        THE IWEANOGES' FIRM, PC

By:   /s/JudeIweanoge/s/
     Jude C. Iweanoge, Bar #493241
     IWEANOGE LAW CENTER
     1026 Monroe Street, NE
     Washington, D.C. 20017
     Phone: (202) 347-7026
     Fax: (202) 347-7108
     Email: jci@iweanogesfirm.com

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL** \* \* \* **Plaintiff** \* \* **v.** \* \* **KENDALL NESBITT** \* \* **Defendants** \* | Civil Action No. 06-0903 (JMF) |

## STATEMENT OF MATERIAL FACTS THAT ARE DISPUTED

1. Defendant disputes plaintiff's material fact numbered four. Defendant was a party in and attended the proceeding on May 13, 2005 and June 30, 2005 and thus was responsible for obtaining and complying with the August 12, 2005 HOD, long before November 2005. (AR at 101).

2. Defendant disputes plaintiff's material fact numbered fourteen. The harm that the student suffered was already found by the Hearing Officer in the August 12, 2005 HOD finding a denial of FAPE. (AR at 103-105). The Student advocate also stated at the MDT meeting that the compensatory education is linked to student performing 4.5 grade level below his peers and that he is in need of special classes in order to graduate. (AR at 181, 14).

3. Defendant disputes plaintiff's material fact numbered eighteen. The student advocate proposed academic and vocational program in fashion designing to be selected as a component of student's compensatory education. (AR at 182). Student advocate also proposed ESY at High Road Academy as well as returning student to High Road

5

Academy in the fall for half day, through work study/transition as compensatory education vocational program. (AR at 12, 14).

4. Defendant disputes plaintiff's material fact numbered twenty. The student advocate identified special classes and vocational program in fashion designing for compensatory education. (AR at 12, 14, 182). The student advocate also stated that the student needed the tutoring in order to graduate. (AR at 12, 14).

5. Defendant disputes plaintiff's material fact numbered twenty-one. The Hearing Officers award of 3,300 hours of tutoring was not based on a mathematical formula but aimed to place Kendall Nesbitt at the position he would have occupied but for Friendship-Edison PCS violation of IDEA. (AR at 4-5).

Respectfully submitted,
THE IWEANOGES' FIRM, PC

By: __/s/JudeIweanoge/s/__
Jude C. Iweanoge, Bar #493241
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that copies of the foregoing motion were electronically filed on July 13, 2007, and the court would notify parties using Court's e-file system.

_____/s/JudeIweanoge/s/_____
Jude C. Iweanoge