UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL COLLEGIATE CAMPUS : : : : Plaintiff : : v. : **Civil Action No. 06-903 (JMF)** : KENDALL NESBITT : : Defendant : _____ : | |

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff, by and through undersigned counsel, and hereby files its Reply to the Defendant's Opposition to the Plaintiff's Motion for Summary Judgment.

The Defendant continues to make the same argument in his Opposition that he made in his Cross-Motion for Summary Judgment, which is that the Hearing Officer did not use a day-for-day formula to award compensatory education. The Defendant argues that the Hearing Officer somehow used a quantitative analysis in the fashioning compensatory education award. The Plaintiff will not reiterate the arguments it has already made in its original Motion for Summary Judgment and its Opposition to the Defendant's Motion for Summary Judgment, however replies briefly.

While the Defendant argues that it is impossible for the Hearing Officer's award to be based on an hour-for-hour formula because the Defendant never had 27.5 hours of services on his IEP, the Defendant fails to recognize that regardless of what the Defendant had on his IEP, the Hearing Officer still used that hour-for-hour formula. The Hearing Officer was aware that the

student had a full time special education IEP, because the student was attending the High Road School, which is a full time special education school. In the District of Columbia, it is common practice for full time IEPs to have 27.5 hours of services. Thus, the Hearing Officer used that assumption in formulating her hour-for-hour calculation. The Hearing Officer assumed 27.5 hours of services missed per week multiplied by three years with 40 school weeks, which equals 3,300 hours. (AR at 4).

The Defendant also fails to address the Plaintiff's argument that the hour-for-hour formula is the same exact formula presented by the Defendant's advocate on multiple occasions. (AR at 108, 167, 182). Thus, despite the Defendant's unsupported assertion that there is "no plausible indication" in the HOD that the Hearing Officer used a qualitative formula in her award, the Defendant cites to no evidentiary support in the record that the Hearing Officer made her determination based on a quantitative analysis of the student's alleged lack of progress and what it would take to make up for any alleged educational harm. While the Defendant claims the record is "replete with evidence" that he suffered educational harm, the only portion of the record that the Defendant cites to is the HOD which is the subject of this appeal. *See* Def's Opp. at 2-3.

WHEREFORE, the Plaintiff respectfully requests that this Court grant its Motion for Summary Judgment and deny the Defendant's Motion for Summary Judgment.

DATE:    July 27, 2007                                    Respectfully submitted,
                                 /s/
                           Paul S. Dalton, Esq
                           D.C. Bar No. 439118
                           Dalton, Dalton, & Houston, P.C.
                           1008 Pendleton Street
                           Alexandria, Virginia 22314
                           (703) 739-4300 (ph)
                           (703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically on this 27th day of July, 2007.

_____/s/_____
Paul S. Dalton, Esq.
Counsel for Plaintiff