UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL        * * * | |
| Plaintiff        * | |
| * | Civil Action No. 06-0903 (JMF) |
| v.        * | |
| * | |
| KENDALL NESBITT        * | |
| * | |
| Defendants        * | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Defendant, Kendall Nesbitt by and through his attorneys Jude C. Iweanoge and THE IWEANOGES' FIRM, PC pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Local Rules 7.1(h) and 56.1, and hereby respectfully move this honorable Court to grant summary judgment in his favor in the captioned action and deny the plaintiff's motion for summary judgment. As established herein, plaintiff has failed to attach in its opposition to Defendant's motion for summary judgment, a statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

Local Rule 7.1(h) and 56.1 are "clear and explicit." Washington Bancorporation v. Said, 812 F. Supp. 1256, 1278 (D.D.C. 1993). They require that a party opposing a motion for summary judgment must submit a **"separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated**, which shall include references to the parts of the record relied on to support the statement." See LCvR 7.1(h) and 56.1. In addition, LCvR 7.1(h) is clear that **unless a fact is**

**controverted in the statement of genuine issues filed in opposition to the motion**, the Court may assume that facts identified by the moving party in its statement of material facts are **admitted**. Id.

Under Rule 56 of the Federal Rules of the Civil Procedure, a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits … show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A party opposing a motion for summary judgment "may not rest upon the mere allegation or denials of the adverse party's pleading, but … must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); see also Celotex Corp v. Catrett, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Unless the opposing party points to "affirmative evidence" showing **disputed** material facts, the court shall enter summary judgment, against the adverse party. Anderson v. Liberty Lobby, 477 U.S. 242, 256-67, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 160, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970).

Here, plaintiff has failed to attach a statement of Disputed facts in its opposition to Defendant's motion for summary judgment. Accordingly, this Court should accept the statement of material facts in Defendants motion as admitted. "The importance of filing a proper . . . statement is well established." Jackson v. Finnegan, Henderson, Farabow, Garrett, & Dunner, 101 F.3d 145, 151 (D.C. 1996) (citations omitted). It is meant to "assist [] the district court to maintain docket control and to decide motions for summary judgment sufficiently and effectively," Id. at 150, and to prevent it from having to "sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make [its] own analysis and determination

of what may, or may not, be genuine issue of material fact." Id. at 151 (citations omitted). It is the parties' responsibility and that of their counsel "to crystallize for the district court the material facts and the relevant portions of the record." Id. (emphasis added). Here, plaintiff has not done so.

Accordingly, the Court should strike plaintiff's motion for summary for failure to controvert the undisputed facts in Defendants motion for summary judgment and grant Defendant's motion for summary judgment since there exists no genuine issue of material fact in dispute.

          Respectfully submitted,
          THE IWEANOGES' FIRM, PC


By:   /s/JudeIweanoge/s/
       Jude C. Iweanoge, Bar #493241
       1026 Monroe Street, NE
       Washington, D.C. 20017
       Phone: (202) 347-7026
       Fax: (202) 347-7108
       Email: jci@iweanogesfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that copies of the foregoing motion were electronically filed on July 27, 2007, and the court would notify parties using Court's e-file system.

          /s/JudeIweanoge/s/
          Jude C. Iweanoge