UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL COLLEGIATE CAMPUS, <br><br> Plaintiff, <br><br> v. <br><br> KENDALL NESBITT, <br><br> Defendant. | Civil Action No. 06-903 (JMF) |

MEMORANDUM OPINION

Before me are Plaintiff's Motion for Summary Judgment ("Pl.'s Motion") and Defendant's Cross Motion for Summary Judgment ("Def.'s Cross Motion"). For the reasons stated herein, plaintiff's motion will be granted, defendant's cross motion will be denied, and a status conference will be convened to determine the most appropriate course of action in light of this Memorandum Opinion.

Background

The defendant, Kendall Nesbitt, attended Friendship Edison Public Charter School Collegiate Campus ("Edison") from 2003-2005. Administrative Record ("AR") at 103. Mr. Nesbitt's educational development was largely stagnant during that period, and by the time he was in tenth grade he was functioning at a third grade level. Id. This lack of progress persisted despite the parties' having entered into three settlement agreements concerning remedial education. AR at 136 (Mar. 5, 2003), 134 (Sept. 27, 2004), and 132 (Feb. 11, 2005). On November 14, 2005, Mr. Nesbitt filed a Request for

Hearing alleging that Edison and the District of Columbia Public Schools ("DCPS"), in its capacity as a local educational agency, had failed to provide a free and appropriate public education ("FAPE"). AR at 4.

On August 12, 2005, a hearing officer ordered DCPS to place and fund Mr. Nesbitt at High Road Academy ("High Road"), a non-public special education school, and ordered Edison to convene a multi-disciplinary team ("MDT") meeting to discuss compensatory education. AR at 101-06. For various reasons that are in dispute, no progress was made at that meeting or those that would follow. Id. at 107-08 (Oct. 17, 2005), 166-68 (Dec. 13, 2005), and 11-15 (Mar. 20, 2006)

Administrative hearings were held before Hearing Officer Tonya Butler-Truesdale on February 14, 2006 and April 4, 2006. Tr. (Feb. 14, 2006); Tr. (Apr. 4, 2006). On April 14, 2006, the Hearing Officer issued an order finding that Mr. Nesbitt was denied FAPE, that compensatory education was appropriate, and that Edison had violated the order dated August 12, 2005, in which it was to "offer a compensatory education plan from which [Mr. Nesbitt] could gain some educational benefit." AR at 4-5. The Hearing Officer expressed frustration that the record was inadequate to craft a proper award of compensatory education but, nevertheless, awarded the student 3,300 hours of tutoring. Id. at 5. This amount was based on a calculation of 27.5 hours per week for forty weeks over three years. Id.

Edison argues that the award is erroneous because it was based on a mathematical equation, and because Mr. Nesbitt has "failed to provide evidence of educational harm and failed to provide a specific program that could make up for the alleged educational harm." Plaintiff's Memorandum of Points and Authorities in Support of its Motion for

Summary Judgment ("Pl.'s Memo") at 2. Defendant opposes plaintiff's motion, and seeks summary judgment on the grounds that the Hearing Officer's order was reasonable.

## Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Where, as here, neither party seeks to present additional evidence, a motion for summary judgment "operates as a motion for judgment based on the evidence comprising the record." Jenkins v. Dist. of Columbia, No. 02-cv-1055, 2005 WL 3371048, at *2 (D.D.C. 2005).

## IDEA

The Individuals with Disabilities Education Act ("IDEA") guarantees children with disabilities the right to a FAPE with services designed to meet their unique needs. 20 U.S.C. §§ 1400(d)(1)(A); 1412(a)(1)[1]. Where a school system fails to provide special education or related services, a student is entitled to compensatory education. Walker v. Dist. of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001). An award issued under IDEA for compensatory education "should aim to place disabled children in the same position they would have occupied but for the school district's violations of IDEA." Reid v. Dist. of Columbia, 401 F.3d 516, 518 (D.C. Cir. 2005).

IDEA permits "any party aggrieved by the findings and decision" rendered during administrative proceedings to "bring a civil action" in state or federal court. 20 U.S.C. § 1415(i)(2); 34 C.F.R. § 300.512(b)(3). When reviewing a hearing officer's decision in an IDEA case, a district court shall review the administrative record, hear additional evidence if so requested by the parties, and, based "on the preponderance of the evidence,

---

[1] All references to the United States Code are to the electronic versions that appear in Westlaw and Lexis.

shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). The Supreme Court has interpreted the "preponderance" standard of review not to be an allowance of unfettered <u>de novo</u> review, but instead to require that a hearing officer's determinations be given "due weight." <u>Bd. of Educ. v. Rowley</u>, 458 U.S. 176, 206 (1982). That weight, however, has been held to be extremely light. The district court is to award "little deference" to a hearing officer's award, and the party challenging the award may satisfy their burden "simply by pointing to the award's evident arbitrariness." <u>Reid</u>, 401 F.3d at 525 (internal citation omitted). If the award is rejected, the court may take supplemental evidence or return the case to the hearing officer. <u>Id.</u> at 526.

**Discussion**

**a. Mechanical Hour-Per-Hour Calculation**

Much of the briefing has focused on whether the Hearing Officer's award was the result of an unacceptable "mechanical hour-per-hour calculation." <u>Id.</u> at 518. <u>See</u>, <u>e.g.</u>, Pl.'s Memo at 6-7; <u>Memorandum of Points and Authorities in Opposition [sic] Plaintiff's Cross Motion for Summary Judgment</u> ("Def.'s Opp.") at 2-4; <u>Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment</u> ("Pl.'s Reply") at 1-2; <u>Memorandum of Points and Authorities in Support of Defendant's Cross Motion for Summary Judgment</u> ("Def.'s Memo") at 7-10; <u>Plaintiff's Opposition to the Defendant's Cross Motion for Summary Judgment</u> ("Pl.'s Opp.") at 3-7. It is true that a "cookie-cutter approach runs counter to both the 'broad discretion' afforded by IDEA's remedial provision and the substantive FAPE standard that provision is meant to enforce." <u>Reid</u>, 451 F.3d at 523.

4

There is no question that the Hearing Officer used a formula of 27.5 hours per week for forty weeks over three years to calculate the award.  AR at 5.  A compensatory award constructed with the aid of a formula is not *per se* invalid, however.  A formula-based award may in some circumstances be acceptable if it represents an individually-tailored approach to meet a student's unique prospective needs, as opposed to a backwards-looking calculation of educational units denied to a student.  See Parents of Student W. v. Puyallup Sch. Dist. No. 3, 31 F.3d 1489, 1497 (9th Cir. 1994) (compensatory education under IDEA "is not a contractual remedy, but an equitable remedy").  Cf. Reid, 401 F.3d at 521 (rejecting a compensatory award based on formula of one hour for each day of the four and a half years the student was denied an adequate education).

The Hearing Officer's order indicates that the formula was not crafted so as to reimburse Mr. Nesbitt for educational hours previously denied to him; instead, she describes the formula as the "minimum conscionable" amount of education required to bring him to an acceptable level of skill (a higher award being inappropriate due to the paucity of the record).  AR at 5.  Edison argues, however, that the formula correlates to the three years that Mr. Nesbitt attended Edison.[2]  Any attempt to decode the award must necessarily involve speculation because the Hearing Officer did not provide any explanation for how she came to use the underlying numbers, nor did she indicate how those numbers would properly serve Mr. Nesbitt's needs.  See, e.g., Reid, 401 F.3d at 521

---

[2] Plaintiff asserts that the allocation of 27.5 hours per week can be explained thusly: "The Hearing Officer was aware that the student had a full time special education IEP, because the student was attending the High Road School, which is a full time special education school.  In the District of Columbia, it is common practice for full time IEPs to have 27.5 hours of services."  Reply at 2.

5

(hearing officer's order did not contain "reasoning to support this hour-per-day formula"). This haze is but a symptom of a woefully inadequate evidentiary record.

### b. The Record and Need for an Individualized Plan

It is not enough that an award of compensatory education is based on a prospective consideration of a student's needs – without an adequate record, after all, those needs cannot be accurately measured or an award properly individualized. Branham v. Dist. of Columbia, 427 F.3d 7, 12 (D.C. Cir. 2005) (an award of compensatory education must be based upon a record that provides "insight about the precise types of educational services [defendant] needs to progress"). In the present case, there is no doubt that the record did not enable the Hearing Officer to craft an award that can pass muster under Reid. The Hearing Officer conceded, for example, that:

> [T]he record does not include documents or testimony which facilitate a finding of the correct amount or form of compensatory education necessary to create educational benefit . . . no data exists for his current grade level of functioning which would assist this hearing officer in projecting the progress [defendant] might have made in an appropriate setting and further quantitatively defining an appropriate compensatory education award. The absence of testimony and data regarding a framework to assist the hearing officer in quantifying the injurious impact of the denial of FAPE makes an attempt to craft the appropriate remedy is [sic] nebulous at best.

AR at 3-4. The crafting of an award of compensatory education under IDEA simply can not be "nebulous." As the Court of Appeals stated in Reid:

> In every case . . . the inquiry must be fact-specific and, to accomplish IDEA's purposes, the ultimate award must be reasonably calculated to provide the educational benefits that would have accrued from special education services the school district should have supplied in the first place.

6

451 F.3d at 524 (emphasis added). The very information the Hearing Officer cited as lacking – "testimony and data regarding a framework to assist the hearing officer in quantifying the injurious impact of the denial of FAPE," AR at 4-5 – is precisely what is necessary to conduct the requisite "qualitative, fact-intensive" inquiry used to craft an award "tailored to the unique needs of the disabled student." Branham, 427 F.3d at 9.

Indeed, the Hearing Officer was well aware that her award was not adequately individualized or supported by the record. At the hearing held on April 4, 2006, after which no further evidence was introduced,[3] the Hearing Officer repeatedly expressed frustration with defendant's counsel for not having created a record that could support an individualized award of compensatory education:

> So I'm not going to saddle counsel with [Reid] right now, but I think that [Reid] required your office to put something in place that would've been tailored fairly particular to this student. That's what I really think.
>
> \*   \*   \*
>
> [T]he vocational component of it, that I think you need and want, is very particular, and yet it's undefined here today. I mean you'd have me probably heart and soul if with a particular vocational plan, or program identified. I'd say, 'well, I can sew this together.' I can say, 'Okay, from this portion, we'll fund this class.' But it's a little too what they call nebulous. It's cloudy, and so I'm a little lost.
>
> \*   \*   \*
>
> It's the vocational part and what else Friendship Edison could do to assist you that's really cloudy for me. Really cloudy. . . . It's not that I don't think that they owe you. It's not that I think they do owe anymore. I don't know at this particular point. But even if I found that they did, I don't have a good suggestion as to what it is. I can't just tell them to fund Princeton. I got to have an idea.

---

[3] See AR at 4 ("[T]he record was closed after the hearing.").

7

Tr. (Apr. 4, 2006) at 55, 75-78. See also id. at 54, 69.[4]  She described the record as being in such a poor state that it could not adequately be supplemented in the ten days in which she had to draft her decision:[5]

> I don't know that giving you or your counsel any time to come up with what could be well thought out enough to serve you well, and you actually be able to use it.  Ten days is really not the type of time that I'm talking about in terms of identifying what type of program best suits you.

> \* \* \*

> Mister, you have all the information.  I have nothing.  I've got ten days to write the decision.  Day late, dollar short.

> \* \* \*

> I don't want to burden you with trying to come up with what I think [Reid] requires, because I don't think you can do it just in ten days for this particular petition.

Id. at 76, 78, 87.

## Conclusion

That the Hearing Officer plowed ahead despite these acknowledged deficiencies is reason enough to vacate the award.  The order, lacking any explanation or factual support for the formula-based award, simply cannot be affirmed.  The plaintiff's motion for summary judgment shall therefore be granted, and defendant's motion for summary judgment shall be denied.

---

[4] At one point the Hearing Officer indicated that the deficiencies under Reid would likely force her to issue a decision adverse to Mr. Nesbitt. Tr. (Apr. 4, 2006) at 80. She would have "like[d] to see" him file an appeal if that were to happen, presumably so that the record could be adequately developed on remand. Id. This process, she indicated, would "teach [counsel] to take charge of making sure that the [Reid-compliant individualized] plan is where its supposed to be when it's supposed to be there." Id. at 80-81.

[5] It is not clear why the Hearing Officer did not provide the parties additional time to supplement the record, as she had done after the hearing held on February 14, 2006.

8

The Court is troubled at the prospect of further delay, and is mindful that Mr. Nesbitt's age may put this case in a unique posture.  A status conference will therefore be held so that the parties may address the current state of Mr. Nesbitt's education and what they believe to be the most appropriate course of action in light of this Memorandum Opinion.[6]

An Order accompanies this Memorandum Opinion.

Dated: January 31, 2008                                    /s/
                                                JOHN M. FACCIOLA
                                                UNITED STATES MAGISTRATE JUDGE

---

[6] Compare Reid, 401 F.3d at 526 ("[I]n light of the absence of pertinent findings in the administrative record and given that both parties previously filed cross-motions for summary judgment rather than exercising their right to 'request' consideration of additional evidence, the district court may determine that the 'appropriate' relief is a remand to the hearing officer for further proceedings.") with Branham, 427 F.3d at 11 ("[I]n light of the educational harms [the student] has already suffered, we encourage the district court to undertake the evidentiary hearing itself in order to minimize the potential for further delay.").