UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL COLLEGIATE CAMPUS,<br><br>      Plaintiff,<br><br>      v.<br><br>KENDALL NESBITT,<br><br>      Defendant. | Civil Action No. 06-903 (JMF) |

**MEMORANDUM OPINION**

Before me are Defendant's Response to Order to Show Cause [#29] and Plaintiff's Answer to Defendant's Response to Order to Show Cause [#30].  For the reasons stated herein, defendant's request that plaintiff pay for a new psychoevaluation will be granted.  The Court will also order the plaintiff to pay for a new educational evaluation and vocational assessment.

**BACKGROUND**

The facts and procedural history of this case are further set out in this Court's Memorandum Opinion of Jan. 1, 2008.  See Friendship Edison Public Charter Sch. Collegiate Campus v. Nesbitt, 532 F. Supp. 2d 121 (D.D.C. 2008).

Briefly, Kendall Nesbitt, the defendant, attended Friendship Edison Public Charter School Collegiate Campus ("Edison") from 2003 to 2005.  Administrative Record [#16] ("AR") at 3.  From May 2003 to February 2005, Nesbitt and Edison entered into three settlement agreements, in which Edison agreed to hold an Individualized Educational Placement meeting to determine whether compensatory education was appropriate, in lieu of a due process hearing. AR at 132-37.  On April 8, 2005, Nesbitt filed a Request for Hearing alleging that Edison and the

District of Columbia Public Schools ("DCPS") had failed to provide him with a free and appropriate public education ("FAPE").  AR at 103.  After a hearing was convened on May 13, 2005 and June 30, 2005, a Hearing Officer ordered that Nesbitt be placed at High Road Academy on August 12, 2005.[1]  AR at 105.  The Hearing Officer also ordered Edison to convene a Multidisciplinary Team/Individualized Educational Program meeting to develop a compensatory education plan.  Id.  On November 14, 2005, Nesbitt filed another Request for Hearing alleging that Edison and the DCPS had failed to provide him with a FAPE.  AR at 4.

Administrative hearings were held in response to Nesbitt's request.  The Hearing Officer issued an order on April 14, 2006 finding that Nesbitt had been denied a FAPE and that compensatory education was appropriate.  AR at 4.  The Hearing Officer also found that Edison had violated the August 12, 2005 Hearing Officer's Determination by failing to offer Nesbitt a compensatory education plan.  AR at 5.  In her order, however, the Hearing Officer expressed frustration that the record remained inadequate to fashion a compensatory education award.  Id.  For instance, Nesbitt had last received a clinical psychological evaluation on October 14, 2004, a vocational assessment on October 12, 2004, and an educational evaluation on March 1, 2005.  AR at 109-26.  Rather than order the parties to reevaluate or provide supplemental evidence so that she could better determine an appropriate compensatory education award, the Hearing Officer awarded Nesbitt 3,000 hours of tutoring.  AR at 5.

Because the Hearing Officer's award was not designed to meet Nesbitt's educational needs and because the record was inadequate to craft an appropriate compensatory education award, this Court vacated the award.  Edison, 532 F. Supp. at 125-26.  The Court also granted Plaintiff's Motion for Summary Judgment [#18], denied Defendant's Cross Motion for Summary

---

[1] Nesbitt aged out of High Road Academy in 2007 without obtaining enough credits to graduate.  Defendant's Response to Order to Show Cause [#29] at 2.

Judgment [#20], and ordered a status conference.  Edison, 532 F. Supp. at 126.  After holding a status conference, the Court issued a minute order on February 2, 2008.  In the minute order, the Court ordered Nesbitt to show cause why the Court should award him a specific plan for compensatory education.

Nesbitt filed Defendant's Response to Order to Show Cause [#29] ("Def. Resp.") on March 6, 2008.  In this response, Nesbitt requested that the Court order plaintiff to pay for a new psychoeducational evaluation or, alternatively, permit him to propose a compensatory education plan based on his March 1, 2005 evaluation.  Def. Resp. at 3.  Edison opposes Nesbitt's motion and requests that the Court take no further action on the grounds that:  1) the defendant left Edison in 2004 and so, since a few years have passed, a new evaluation should not be its responsibility; 2) defendant did not take advantage of Edison's prior offers to provide Nesbitt with Saturday classes and summer school; and 3) the defendant has yet to propose a specific compensatory plan.  Plaintiff's Answer to Defendant's Response to Order to Show Cause [#30] at 1-2.

## ANALYSIS

The Individuals with Disabilities Education Act ("IDEA") guarantees children with disabilities the right to a FAPE with services "designed to meet their unique needs and prepare them for further education, employment, and independent living."  20 U.S.C. § 1400(d)(1)(A).[2]  Where a school district violates IDEA by failing to provide a student with a FAPE, the court "may order compensatory education, i.e., replacement of educational services the child should have received in the first place."  Reid v. District of Columbia, 401 F.3d 516, 518 (D.C. Cir. 2005).  To craft an appropriate award of compensatory education under IDEA, the court must conduct a fact-specific inquiry so that the award will be "reasonably calculated to provide the

---

[2] All references to the United States Code are to the electronic versions that appear in Westlaw and Lexis.

educational benefits that would have accrued from special education services the school district should have supplied in the first place." Reid, 401 F.3d at 524.

If the administrative record in an IDEA case is incomplete, the district court is allowed to either collect additional evidence in order to determine an appropriate compensatory education award or remand the case to the hearing officer for further proceedings. Id. at 526. In Branham v. District of Columbia, 427 F.3d 7, 13 (D.C. Cir. 2005), the court of appeals urged the district court to hold an evidentiary hearing, rather than remanding the case to the hearing officer, to minimize further delay. If the district court holds such a hearing, "it is the district court's responsibility to ensure it has a record sufficiently developed to fulfill its obligation under IDEA." Id. Furthermore, under the IDEA, the district court has the power to "grant such relief as [it] determines is appropriate." Id. (citing 20 U.S.C. § 1415(i)(2)(C)(iii)). "[E]quitable considerations are relevant in fashioning relief." Sch. Comm. of Burlington v. Dep't of Educ., 471 U.S. 359, 374 (1985).

To comply with the Reid standard, Nesbitt must propose a well-articulated plan that reflects his current educational abilities and needs and is supported by the record. Unfortunately, as explained above, Nesbitt has not been evaluated since March 1, 2005. See AR at 116-19. Therefore, the Court and the parties know little regarding Nesbitt's current educational status. Consequently, the present record is inadequate to craft a compensatory education plan. To further understand Nesbitt's current educational abilities and needs, the Court will order that he be reevaluated.

The Court is not persuaded by Edison's argument that a new evaluation should not be its responsibility because a few years have passed since Nesbitt was enrolled there. If the Court decided that a school was not required to pay for a new evaluation of a student, who may have

been deprived of a FAPE, because a few years had passed since the student was enrolled in that school, the right to a compensatory education becomes meaningless.[3]  That evaluation must be done so the compensatory education plan can be premised on Nesbitt's present abilities, deficiencies, and needs.  Simply put, like the hearing officer, I have concluded that Nesbitt is due compensatory education and it is impossible to grant that relief without a conscientious and well-informed evaluation of his present status.  Edison does not suggest who else could be required to perform that essential function and the buck has to stop somewhere in DCPS.  A responsibility to educate disabled children and compensate them for deficiencies in that education cannot hang in the air, as an unfulfilled aspiration.  It has to be enforced by concrete action that has to start with the evaluation I am ordering.

I appreciate that Edison has advised me that Nesbitt has been resistant to its efforts to help him.  I assure him that if he fails to cooperate with the entire evaluation process this case will be promptly dismissed.  I expect him and his counsel to meet Edison more than half way.

Accordingly, the Court grants defendant's request that Edison pay for a new psychoevaluation.  Additionally, to ensure Nesbitt receives a complete reevaluation so that he can craft a compensatory education plan, the Court orders that plaintiff pay for an educational evaluation and a vocational assessment as well.

## CONCLUSION

The defendant's request that plaintiff pay for a new psychoevaluation is granted.  Additionally, plaintiff shall pay for a new educational evaluation and vocational assessment.  Plaintiff will have 60 days to complete the evaluations and defendant shall cooperate fully.  Once

---

[3] Cf. Neshaminy Sch. Dist. v. Karla B., No. 96-3865, 1997 WL 137197 at *6 (E.D. Pa. Mar. 20, 1997) (rejecting plaintiff's argument that the issue of compensatory education was moot on the basis that defendants had moved from the school district).

the three evaluations have been completed, defendant will have 30 days to show cause as to why the Court should award him a specific plan for compensatory education.

An Order accompanies this Memorandum Opinion.


Dated:  October 28, 2008                             /s/
                                        JOHN M. FACCIOLA
                                        UNITED STATES MAGISTRATE JUDGE